[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11888

_____

D.C. Docket No. 2:18-cv-00482-PAM-MRM

MICHAEL KOSTERLITZ,

Plaintiff - Counter Defendant - Appellant,

versus

THE S/V KNOTTA KLU,
her engines, tackle, apparel, equipment and appurtenances,
in rem,

Defendant - Appellee,

ROBERT E. LIBBEY, JR.,

Defendant - Counter Claimant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2020)

Before MARTIN and NEWSOM, Circuit Judges, and WATKINS,[*] District Judge.

PER CURIAM:

"They say that the two happiest days of a yacht owner's life are the day he buys it and the day he sells it." *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht, Hull No. 1.*, 625 F.2d 44, 45 (5th Cir. 1980). Today may prove to be an exception for our appellee, Robert Libbey. After review of the record in this petitory and possessory action, we hold that the district court correctly determined that Libbey has valid title to the S/V Knotta Klu, a 40-foot catamaran that he purchased from our appellant, Michael Kosterlitz. Because Libbey has title to "the Klu," none of the 13 issues presented by Kosterlitz have merit. We affirm.

Following a bench trial,[1] the district court found the following facts. Kosterlitz purchased the Knotta Klu in 2012 for $135,000, which he paid for with a $10,000 loan from his then-friend Libbey and a $125,000 loan from third party Ned Christensen. After he capsized the Klu in 2014, Kosterlitz began negotiating to sell the vessel to Libbey. Eventually they agreed that Libbey would trade his F-27 Trimaran (worth about $30,000) to Kosterlitz in exchange for the Klu. In

---

[*] Honorable W. Keith Watkins, United States District Judge for the Middle District of Alabama, sitting by designation.

[1] "After a bench trial, we review the district court's conclusions of law de novo and the district court's factual findings for clear error." *Tartell v. S. Fla. Sinus and Allergy Ctr., Inc.*, 790 F.3d 1253, 1257 (11th Cir. 2015) (quotation omitted). "A factual finding is clearly erroneous if, after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted).

addition, Libbey agreed to pay Kosterlitz a few thousand dollars and assume the $109,000 balance on the Christensen debt. Kosterlitz later memorialized the terms in an email to Libbey:

> We first agreed on $175K. After the boat was down your way and you started to work on it, we sat on the couch and reappraised the situation. What we came up with was 155K for my boat – the pay off + your [Trimaran] boat saying it was around 30K. $155-109(approx payoff)$46K-30K(tri)=16K balance. There was a small balance on the money you lent me so we agreed to a difference in cash of 8K after all was said and done.

The parties also signed a "Sells Agreement" and a Florida Department of Highway Safety and Motor Vehicles "Notice of Sale and/or Bill of Sale" form, both backdated to August 14, 2015.

Following a personal disagreement that scuttled their business relationship, Kosterlitz attempted to reassert title by commandeering the Klu from Libbey's home, but was spotted and arrested. Charges were later dropped. Kosterlitz then brought this petitory and possessory action seeking to quiet title to the Klu and alleging causes of action for malicious prosecution, false arrest, civil theft, and conversion against Libbey.

\* \* \*

We agree with the district court that title passed under the Florida Uniform Commercial Code to the buyer, Libbey, upon physical delivery of the good, the Klu, in August 2015. *See* Fla. Stat. § 672.401(2). The email from Kosterlitz

3

satisfies the statute of frauds, and Kosterlitz's conduct after delivery confirms that he intended title to pass—he recommended a title-registration agent, allowed federal documentation to lapse, and failed to respond (let alone object) to repeated updates from Libbey regarding attempts to get the Klu registered in Libbey's name.

Because title passed to Libbey, the remainder of Kosterlitz's claims fail. Most significantly, the claim that Libbey cannot assert title because he improperly obtained a Florida certificate of title to the Klu—by, the argument goes, fraudulently deleting Kosterlitz's federal registration and altering the parties' signed bill of sale—is without merit. "The validity of [Libbey's] title to the vessel [i]s not dependent upon the registr[ation] of it." *S. Bell Telephone & Telegraph Co. v. Burke*, 62 F.2d 1015, 1016 (5th Cir. 1933); *see also St. Paul Fire and Marine Ins. Co. v. Vest Transp. Co., Inc.*, 666 F.2d 932, 938 (5th Cir. 1982) (holding that "a ship's documentation of title, while prima facie evidence of ownership, is not conclusive and that true ownership of a vessel is not dependent upon its registry").

We need not explain in detail why the remainder of Kosterlitz's claims founder. Passage of title defeats the claims of alleged civil theft, conversion, false arrest, and malicious prosecution. Kosterlitz's assorted arguments that the district court otherwise committed reversible error are without merit.

4

**AFFIRMED.**